UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. KELMENDI,

        Plaintiff,

Case No. 17-12325

vs.                                       HON. GEORGE CARAM STEEH

BRUNO PACITO, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT DTE'S MOTION FOR SUMMARY JUDGMENT (DOC. 22), GRANTING DEFENDANT SHELBY TOWNSHIP POLICE DEPARTMENT'S AND WALSH'S MOTION TO DISMISS (DOC. 34), GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT, AND GIVING NOTICE THAT THE COURT WILL DISMISS THE CASE WITH PREJUDICE IF PLAINTIFF FAILS TO AMEND THE COMPLAINT

Plaintiff John P. Kelmendi sued defendants Bruno Pacito, Steve Klein-Knecht, Robert Sizemore, DTE Energy Company, Beth Walsh, and the Shelby Township Police Department. This matter is presently before the Court on two motions. DTE filed a motion for summary judgment, (Doc. 22), in which Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department concurred, (Doc. 24 and 25). Walsh and the Shelby Township Police Department also filed their own motion to dismiss. (Doc. 34). Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument.

- 1 -

For the reasons stated below, defendants' motions are GRANTED and the court grants plaintiff leave to file an amended complaint.

## I. Background

On or about June 4, 2014, Kelmendi allegedly removed two electrical meters from a home he had shared with his former spouse. (Doc. 6 at PageID 18). Pacito is the father of Kelmendi's former spouse. (Doc. 6 at PageID 18). Police records from the Shelby Township Police Department establish that Pacito is the criminal complainant. (Doc. 22 at PageID 140).

Walsh was dispatched to Pacito's home the morning of June 4, 2014. (Doc. 22 at PageID 138-40). Pacito stated that Kelmendi had recently been evicted from the home. (Doc. 22 at PageID 140). Following the eviction, Pacito discovered that the home had no electricity. (Doc. 22 at PageID 140). Pacito thereafter observed that DTE electric meters were missing. (Doc. 22 at PageID 140). Pacito told Walsh that he investigated by questioning his neighbor, Klein-Knecht. (Doc. 22 at PageID 140). Klein-Knecht's home is one house north of Pacito's and has a clear view of the north side of Pacito's home where the electric meters were located. (Doc. 22 at PageID 140). Pacito told Walsh that Klein-Knecht observed Kelmendi take the electrical meters. (Doc. 22 at PageID 140).

Walsh attempted to confirm these details with Klein-Knecht the morning of June 4, 2014, but Klein-Knecht was unavailable. (Doc. 22 at PageID 140). Walsh left a business card at Klein-Knecht's home and stated her intent to follow up with Klein-Knecht. (Doc. 22 at PageID 140).

Walsh had evidence tech Dowty respond to the scene and take photographs. (Doc. 22 at PageID 141). Seven photographs appear in a subsequent police report. (Doc. 22 at PageID 148).

Walsh called Kelmendi and left a voice message on June 4, 2014. (Doc. 22 at PageID 141).

Walsh also called DTE and spoke with corporate security employee Robert Sizemore. (Doc. 22 at PageID 141). Walsh's notes indicate that Sizemore advised that DTE would prosecute the missing electrical meters. (Doc. 22 at PageID 141).

Later that afternoon, Walsh was able to make contact with Klein-Knecht. (Doc. 22 at PageID 143). Klein-Knecht stated that he saw Kelmendi exit his vehicle with a pair of pliers, pry the electrical meters off the side of the home, place them in his car, and leave. (Doc. 22 at PageID 143, 149).

Walsh's report states her intent to submit a warrant request for larceny under $200.00. (Doc. 22 at PageID 143).

A criminal complaint was filed against Kelmendi on June 18, 2014. (Doc. 22 at PageID 132). Kelmendi was arrested on November 5, 2014. (Doc. 22 at PageID 133). His family posted bail on November 6, 2014. (Doc. 22 at PageID 133). The case did not proceed to trial. The matter was instead resolved on July 17, 2015, when Kelmendi paid restitution. (Doc. 22 at PageID 135). Kelmendi maintains that he did not steal the electrical meters.

Kelmendi filed suit on July 17, 2017. (Doc. 1). DTE asserts that it was never served with the original complaint. (Doc. 22 at PageID 120). On October 17, 2017, Kelmendi filed his first amended complaint (FAC). (Doc. 6). Plaintiff raises three claims; False Arrest, (Count I); Malicious Prosecution, (Count II); and Intentional Infliction of Emotional Distress, (Count III).

On November 27, 2017, DTE moved for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56. (Doc. 22). Pacito and Klein-Knecht concurred in DTE's motion on December 21, 2017. (Doc. 24). Walsh and the Shelby Township Police Department also concurred in DTE's motion on December 21, 2017. (Doc. 25). Kelmendi filed a response brief on February 28, 2018. (Doc. 31). Kelmendi filed a supplemental brief

on March 2, 2018. (Doc. 32). DTE filed a reply on March 11, 2018. (Doc. 33).

On April 5, 2018, the Shelby Township Police Department and Walsh filed a motion to dismiss. (Doc. 34). Kelmendi filed a response brief on May 9, 2018. (Doc. 37). The Shelby Township Police Department and Walsh filed a reply brief on May 21, 2018. (Doc. 38).

## II. Legal Standard

A court confronted with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). "[N]aked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed" factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Federal Rule of Civil Procedure 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. There must instead be evidence from which a jury could reasonably find for the non-movant. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (2000) (citing *Anderson*, 477 U.S. at 252). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Analysis

**A. Statute of Limitations**

Pursuant to Mich. Comp. Laws § 600.5827, a claim for false arrest/imprisonment or malicious prosecution "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Kelmendi was arrested on November 5, 2014 and released on bond on November 6, 2014. His criminal case ended on July 17, 2015 upon payment of restitution. DTE argues that, pursuant to Mich. Comp. Laws § 600.5805, Kelmendi's claims accrued on or before these dates.

Statutes of limitation for injuries to persons or property in Michigan are governed by Michigan Compiled Laws § 600.5805. The statute, in relevant part, states:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> . . .

> (3) Subject to subsections (4) to (6), the period of limitations is 2 years for an action charging assault, battery, or false imprisonment.
>
> (4) Subject to subsection (6), the period of limitations is 5 years for an action charging assault or battery brought by a person who has been assaulted or battered by his or her spouse or former spouse, an individual with whom he or she has had a child in common, or a person with whom he or she resides or formerly resided.
>
> . . .
>
> (6) The period of limitations is 10 years for an action to recover damages sustained because of criminal sexual conduct. For purposes of this subsection, it is not necessary that a criminal prosecution or other proceeding have been brought as a result of the conduct or, if a criminal prosecution or other proceeding was brought, that the prosecution or proceeding resulted in a conviction or adjudication.
>
> (7) The period of limitations is 2 years for an action charging malicious prosecution.

Mich. Comp. Laws § 600.5805. Subsections 4 and 6 do not apply here. Counts I and II are therefore subject to a two year period of limitations. Kelmendi's original complaint was filed on July 17, 2017. As such, a timely claim must have accrued by July 17, 2015.

Kelmendi's false arrest/imprisonment claim accrued in November 2014 and therefore is barred by the statute of limitations. The Court shall

DISMISS Count I as it pertains to DTE, Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department.

Kelmendi's malicious prosecution claim, however, appears to be timely. DTE asserts that Kelmendi's claim must have accrued by July 17, 2015; the date the charges were resolved. Kelmendi filed his original complaint exactly two years later, on July 17, 2017. (Doc. 1). As such, DTE's argument to dismiss Count II under Mich. Comp. Laws § 600.5805 fails.

**B. Count II**

Under Michigan law, a plaintiff alleging malicious prosecution

> has the burden of proving (1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.

*Matthews v. Blue Cross & Blue Shield of Michigan*, 456 Mich. 365, 378, (1998). "It is difficult to prove all four of the required elements and it is meant to be, since those who report a perception of crime should not be led by fear of liability to withhold information from police and prosecutors." *Radzinski v. Doe*, 469 Mich. 1037 (2004) (citation omitted).

Malicious prosecution generally only applies to private citizens. *See, e.g.*, *Ringo v. Richardson*, 88 Mich. App. 684, 690 (1979) (evaluating a citizen's satisfaction of the probable cause standard). "[T]he only situation in which an action for malicious prosecution [against a police officer] would properly lie is where a police officer knowingly swears to false facts in a complaint, without which there is no probable cause." *King v. Arbic,* 159 Mich.App. 452, 466 (1987). Kelmendi did not plead that Walsh and the Shelby Township Police Department knowingly swore to false facts.

Kelmendi must show that DTE, Pacito, and Klein-Knecht initiated the prosecution. Kelmendi alleges that Pacito initiated the prosecution by filing a complaint with the Shelby Township Police Department, (Doc. 6 at PageID 18), while Klein-Knecht allegedly made false statements, (Doc. 6 at PageID 18). Kelmendi faults DTE because its employee, Sizemore, allegedly ratified Klein-Knecht and Pacito's false accusations. (Doc. 6 at PageID 19).

"[A] private individual accused of malicious prosecution cannot be found to have initiated the prosecution where the prosecutor or police conduct their own investigation independent of the defendant's statement." *D.J.Y., ex rel. York v. Ypsilanti Cmty. Sch.*, No. 14-CV-11467, 2015 WL 630860, at *7 (E.D. Mich. Feb. 12, 2015) (citing *Matthews,* 456 Mich. at

386; *Christy v. Rice,* 152 Mich. 563, 565 (1908); *Renda v. Int'l Union, UAW,* 366 Mich. 58, 91 (1962)).

Here, DTE submits numerous police reports from the Shelby Township Police Department. (Doc. 22 at PageID 138-56). As outlined above, the police visited the scene, conducted interviews, took photographs, and recorded their intent to pursue a warrant and prosecution. While the police did speak with Pacito, Klein-Knecht, and Sizemore, they led an investigation and considered more than any single defendant's statements. The Court therefore concludes that the police conducted their own independent investigation.

Further, Kelmendi's larceny prosecution did not terminate in his favor. Kelmendi was scheduled for trial, but on July 15, 2015, the case was dismissed on the motion of the prosecuting attorney upon Kelmendi's agreement to pay $200.00 restitution. (Doc. 34-4 at PageID 264). The Shelby Township Police Department and Walsh argue that this amounts to a stipulated dismissal with prejudice pursuant to a plea agreement, which, pursuant to *Delorean v. Cork Gully*, 118 B.R. 932 (E.D. Mich. 1990), does not amount to a termination in a plaintiff's favor. *Id.* at 939 (citing *Kauffman v. Shefman*, 169 Mich. App. 829 (1988)). It is not apparent that Kelmendi's larceny case ended in a stipulated dismissal with prejudice pursuant to a

plea agreement. Kelmendi's facts are more similar to the "termination of an action by virtue of a settlement or compromise of the claims," which "does not amount to a termination in favor of the plaintiff." *Id.* (citing *Brand v. Hinchman*, 68 Mich. 590 (1888)).

Finally, in response to DTE's motion, Kelmendi does not refute DTE's arguments. Instead, Kelmendi asserts that he intends to plead a § 1983 claim, alleging that the events of his prosecution and arrest violate his rights under the Fourth and Fourteenth Amendment. Kelmendi appears to abandon his false arrest and malicious prosecution claims under Michigan law and instead asks the Court to grant him leave to amend and state a § 1983 claim. (Doc. 31-1 at PageID 198-200).

For these reasons, the Court finds that Kelmendi has failed to state a claim for malicious prosecution against DTE, Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department. Count II is DISMISSED.

**C. Leave to Amend**

As stated above, Kelmendi seeks leave to amend his complaint and state a § 1983 claim. Section 1983 provides, in relevant part: "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part on other grounds)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[I]f a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, 'that conduct [is] also action under color of state law and will support a suit under § 1983.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

> To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor. [S]tate employment is generally sufficient to render the defendant a state actor. It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally,

> a public employee acts under color of state law
> while acting in his official capacity or while
> exercising his responsibilities pursuant to state law.

*Id.* at 49-50 (internal quotations and citations omitted).

DTE asserts that it cannot be liable for a § 1983 claim because it is not a government actor. The United States Supreme Court has held that even if a utility company provides a public function and is extensively regulated by the state, the furnishing of utility services is not a state function. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 353 (1974). Another judge in the Eastern District of Michigan applied *Jackson* to a § 1983 claim against DTE to conclude that while DTE "is a privately owned and operated utility subject to regulation by the Michigan Public Service Commission[,] . . . in providing utility services, Defendant has not engaged in the exercise of authority or action normally associated with state sovereignty." *Sanford v. DTE Energy Co.*, No. 07-15451, 2009 WL 790496, at *1 (E.D. Mich. Mar. 20, 2009). As such, the court concluded that "no § 1983 liability can be attached to this defendant." *Id.* For these reasons, the Court concludes that DTE is not subject to a § 1983 claims.

Pacito and Klein-Knecht are private individuals. They are not employed by the state or clothed with the authority of state law. Nor did they act did they act under the color of state law when they spoke with the

Shelby Township Police Department. As such, they are not liable under § 1983.

Shelby Township Police Department asserts that it cannot be sued under § 1983. Indeed, the Sixth Circuit has ruled that a township police department is subsumed within the township as a municipal entity to be sued under § 1983. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). As such, a township police department is not properly included as a separate defendant. *Id. See also Laise v. City of Utica,* 970 F.Supp. 605, 608 (E.D.Mich.1997) (noting that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit).

The Shelby Township Police Department argues that any § 1983 claim against Shelby Township would be untimely. The parties agree that § 1983 claims have a three year statute of limitations under Mich. Comp. Laws § 600.5805. *Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466, 477 (E.D. Mich. 2007) ("the statute of limitations for claims filed in Michigan based on 42 U.S.C. § 1983 is three years, not two years. That is true even if the underlying wrongful conduct stems from a false arrest. (Under state law false arrest claims themselves must be commenced within two years. *See* Mich. Comp. Laws § 600.5805(2))."). The Shelby Township Police

Department asserts that a § 1983 claim is barred because it was not asserted prior to the statute of limitations lapse in November, 2017. (Doc. 38 at PageID 306). This argument fails because Kelmendi filed his complaints prior to November 2017. Kelmendi's original complaint, which named the Shelby Township Police Department as a defendant, was filed on July 17, 2017. Kelmendi's amended complaint, which also named the Shelby Township Police Department as a defendant, was filed on October 17, 2017.

The Shelby Township Police Department further argues that a § 1983 claim against Shelby Township does not relate back to Kelmendi's complaint. The Court disagrees. Pursuant to Fed. R. Civ. P. 15(c), an amendment relates back to the date of the original pleading when the claim is not barred by the relevant statute of limitations, the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading, and the party to be brought in by the amendment knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.

Kelmendi's proposed § 1983 claim is based on his arrest, imprisonment, and prosecution between November, 2014 and July, 2015. Kelmendi's complaints were filed within three years of November 2014. The

proposed claim arose out of the same conduct, transaction, or occurrence set forth in Kelmendi's prior complaints. Finally, the Court finds it reasonable to infer that Kelmendi, who was a *pro se* litigant when he filed his complaints, did not have the training to understand that he ought to have sued Shelby Township instead of the Shelby Township Police Department. But, as evidence by its brief, the Police Department seems aware that the Township itself was the proper defendant. The Court therefore concludes that Shelby Township should have known the action would have been brought against it but for the then *pro se* Kelmendi's mistake.

This Court shall therefore permit Kelmendi to amend his complaint to include a § 1983 claim against Walsh and Shelby Township, but not against DTE, Pacito, Klein-Knecht or the Shelby Township Police Department.

**D. Count III Fails to State a Claim Upon Which Relief Can Be Granted**

To state a claim for intentional infliction of emotional distress, a plaintiff must prove "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985). The extreme and outrageous conduct conduct must be "so outrageous in character and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Hayley v. Allstate Ins. Co.,* 262 Mich.App. 571, 577 (2004) (quoting *Graham v. Ford,* 237 Mich.App. 670, 674 (1999)). "A defendant is not liable for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Lewis v. LeGrow*, 258 Mich. App. 175, 196 (2003) (quoting *Doe v. Mills*, 212 Mich. App. 73, 91 (1995)). "The test to determine whether a person's conduct was extreme and outrageous is whether recitation of the facts of the case to an average member of the community 'would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* (internal quotations and citations omitted).

DTE's conduct is not outrageous. At most, Sizemore noted the value of the electrical meters, ratified the theft report, and stated that DTE would consent to prosecution. This conduct does not go beyond the bounds of decency, particularly where DTE is not alleged to have known that Pacito and Klein-Knecht submitted a false report. Kelmendi argues that DTE acted outrageously by skipping hearings in the state larceny case. But it is not clear that DTE had any duty to attend these hearings. As such, Kelmendi's intentional inflict of emotional distress claim against DTE shall be dismissed.

Similarly, Pacito and Klein-Knecht's conduct is not outrageous. At most, Pacito and Klein-Knecht lied to a police officer. While undesirable, this conduct is not sufficiently extreme.

Finally, Walsh's and the Shelby Township Police Department's conduct was not outrageous. Kelmendi does not allege that either party knew or even suspected Pacito and Klein-Knecht to have provided false information. As such, Walsh's and the Shelby Township Police Department's conduct in investigation the alleged theft is what would be expected by society.

### IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED.

Count I is DISMISSED with prejudice as it pertains to DTE, Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department.

Count II DISMISSED with prejudice as it pertains to DTE, Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department.

Count III is DISMISSED with prejudice as it pertains to DTE, Pacito, Klein-Knecht, Walsh, and the Shelby Township Police Department.

Pursuant to Rule 15(a)(2), the Court will allow Kelmendi to amend his complaint to include a § 1983 claim against Walsh and/or Shelby Township. If Kelmendi wishes to amend his complaint, he SHALL FILE an

amended complaint within TWENTY ONE DAYS of the entry of this opinion and order. If Kelmendi fails to file an amended complaint within this time, the Court shall enter judgment in favor of Walsh.

IT IS SO ORDERED.

Dated: August 17, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 17, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---