UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELMENDI,

    Plaintiff,

v.

Case No. 17-12325

HON. GEORGE CARAM STEEH

BETH WALSH, individually and in
her official capacity as a Detective
of the SHELBY TOWNSHIP POLICE
DEPARTMENT, and SHELBY
TOWNSHIP, jointly and severally,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS (DOC. 47)
## AND DENYING MOTION FOR SANCTIONS (DOC. 48)

Before the court are Defendants' motions to dismiss and for sanctions. Pursuant to L.R. 7.1(f)(2), the court finds that the resolution of this matter will not be aided by oral argument.

## BACKGROUND FACTS

Appearing pro se, Plaintiff John Kelmendi filed this action on July 17, 2017, and filed an amended complaint on October 17, 2017. Plaintiff alleged claims of false arrest, malicious prosecution, and intentional infliction of emotional distress. Counsel appeared on his behalf on January 29, 2018. The defendants moved to dismiss the complaint and for

- 1 -

summary judgment, which was granted by the court on August 27, 2018. The court dismissed the complaint as to Bruno Pacito, Steve Klein-Knecht, Robert Sizemore, DTE Energy Company, and the Shelby Township Police Department. Doc. 39. The court granted Plaintiff leave to amend his complaint to state a claim under 42 U.S.C. § 1983 against Shelby Township Police Officer Beth Walsh and Shelby Township. *Id.*

Plaintiff filed his second amended complaint on September 7, 2018. Doc. 41. Plaintiff alleges that his claims arise under the Fourth Amendment and § 1983. According to the complaint, Bruno Pacito and Steve Klein-Knecht wanted to "get him" and falsely accused him of stealing the electric meters attached to his residence. Pacito is the father of Plaintiff's former spouse, whom Plaintiff had recently divorced. *See* Doc. 41 at ¶¶ 11,13, 15-16. Plaintiff contends that he did not steal the electric meters, which were later found on the premises "in a patch of weeds." *Id.* at ¶ 20.

Plaintiff alleges that Officer Walsh violated his constitutional rights and that Shelby Township enabled the violation by failing to train or discipline her. *Id.* at ¶¶ 28-30. The complaint contains one count, a § 1983 claim against Shelby Township for "reckless indifference to Plaintiff's clearly established constitutional rights." *Id.*

According to the police report, Officer Walsh was dispatched to Pacito's home, at his request, on June 4, 2014. Doc. 34-2. Pacito stated that Kelmendi had recently been evicted from the home. Following the eviction, Pacito discovered that the home had no electricity and observed that the DTE electric meters were missing. Pacito told Walsh that he spoke to his next-door neighbor, Klein-Knecht. Klein-Knecht's home has a clear view of the north side of Pacito's home where the electric meters were located. Pacito told Walsh that Klein-Knecht saw Kelmendi take the meters.

Walsh attempted to confirm these details with Klein-Knecht on the morning of June 4, but he was unavailable. Walsh left a business card at Klein-Knecht's home and stated her intent to follow up with him. She directed an evidence technician to respond to the scene and take photographs. Seven photographs appear in the police report.

Walsh called Kelmendi and left a voice message on June 4, 2014. Kelmendi alleges that he attempted to return Walsh's call, without success. Doc. 41 at ¶ 15. Walsh also called DTE and spoke with corporate security employee Robert Sizemore. Walsh's notes indicate that Sizemore advised that DTE would prosecute the missing electric meters. Later that afternoon, Walsh was able to make contact with Klein-Knecht, who said

that he was "reluctant to get involved," but gave a witness statement. Klein-Knecht said that he saw Kelmendi exit his vehicle with a pair of pliers, pry the electrical meters off the side of the home, place them in his car, and leave. Walsh's report stated her intent to submit a warrant request for larceny under $200.00.

A criminal complaint was filed against Kelmendi on June 18, 2014. The case did not proceed to trial, but was resolved on July 17, 2015, when Kelmendi paid restitution. Kelmendi maintains that he did not steal the electric meters.

LAW AND ANALYSIS

I. Standard of Review

Defendants seek dismissal of Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. A court confronted with a motion to dismiss under Rule 12(b)(6) must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). "[N]aked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft*

v. *Iqbal*, 556 U.S. 662, 678 (2009).  The complaint need not contain "detailed" factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

A court may grant summary judgment pursuant to Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)).  The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 252.  There must instead be evidence from which a jury could reasonably find for the non-movant.  *McLean v.*

*988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000) (citing *Anderson*, 477 U.S. at 252). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

II.   <u>Claim against Walsh</u>

The amended complaint is devoid of factual allegations of wrongdoing against Walsh and does not set forth a legal claim against her. At a status conference with the court on November 6, 2018, this deficiency was addressed.  The court permitted Plaintiff to amend his complaint by November 20, 2018.  Doc. 45.  The court cautioned Plaintiff that "[f]urther requests to amend will not be granted."  *Id.*  Plaintiff did not file an amended complaint.

In his response brief, Plaintiff argues that his complaint adequately pleads that Walsh made materially false statements or omissions in obtaining the arrest warrant.  Doc. 49 at 8.  Plaintiff contends that Walsh did not answer his calls and conducted a "sham investigation," thus creating a misleading warrant application.  *Id.*  Contrary to Plaintiff's argument, the complaint contains no such allegations.  *See* Doc. 41. Rather, the complaint contends that Pacito and Klein-Knecht made false

accusations, which were pursued by Walsh. *Id.* at ¶ 17. Although Plaintiff states that Walsh violated his constitutional rights, he provides no factual basis for these allegations in the complaint. Plaintiff's bare allegations are insufficient to survive a Rule 12(b)(6) motion.

To the extent Plaintiff again seeks to amend his complaint, leave is denied. The court has permitted Plaintiff repeated opportunities to state a viable constitutional claim. Moreover, it is clear that any attempt to amend would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

Based upon his response, Plaintiff appears to assert that he can state a false arrest or malicious prosecution claim under the Fourth Amendment against Walsh. Both claims require a showing that "there is no probable cause to justify an arrest or a prosecution." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 675, 677 (6th Cir. 2005). "A police officer violates a suspect's clearly established right to freedom from malicious prosecution under the Fourth Amendment 'only when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause.'" *Johnson v. Moseley,* 790 F.3d 649, 655 (6th Cir. 2015) (citation omitted). "[E]ven false testimony is not actionable as malicious prosecution

unless deliberate—i.e., given with knowledge of, or reckless disregard for, its falsity. 'Allegations of negligence or innocent mistake are insufficient.'" *Id*. (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

Here, Plaintiff has not alleged that Walsh lacked probable cause to seek a warrant against him. Nor has he alleged that Walsh made false statements or intentional omissions that were material to a finding of probable cause. *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). These deficiencies are fatal to Plaintiff's proposed false arrest and malicious prosecution claims. *See id*. at 305, 310-11 (both false arrest and malicious prosecution claims require showing of lack probable cause).

Further, it is undisputed that Walsh relied upon an eyewitness statement as the basis for the warrant. "[A]n eye witness' statement that he or she saw a crime committed or was the victim of a crime is generally sufficient to establish probable cause." *United States v. Shaw*, 464 F.3d 615, 623 (6th Cir. 2006) (citation omitted). At most, Plaintiff alleges that Walsh's investigation was not sufficiently thorough, which does not rise to the level of a constitutional violation. A failure "to conduct a proper investigation . . . amounts to no more than a charge of negligence or innocent mistake, not the sort of 'deliberate or reckless falsehood' or otherwise blameworthy conduct required to make out a valid malicious

prosecution claim." *Johnson*, 790 F.3d at 656 (citation omitted). *See also Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999) ("Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused."). Accordingly, Plaintiff's claim against Walsh is dismissed.

   III. <u>Claim against Shelby Township</u>

Plaintiff also alleges a municipal liability claim against Shelby Township. Doc. 41 at ¶¶ 28-32. A municipality may be liable for an individual's constitutional violation when a municipal policy or custom is the moving force behind the violation. *See Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 690 (1978). "For municipal liability to exist, however, a constitutional violation must take place." *Voyticky*, 412 F.3d at 679. Because Plaintiff has not properly alleged or supported a constitutional claim against Walsh, his municipal liability claim against Shelby Township must likewise be dismissed.

   IV. <u>Sanctions</u>

Defendants seek sanctions against Plaintiff and his attorney pursuant to Rule 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988. Each provision essentially requires the court to find that a party has unreasonably presented a frivolous claim in order to impose sanctions. Rule 11 requires

a party presenting a pleading to the court to certify that it is not being presented for an improper purpose and that it is not frivolous. Fed. R. Civ. P. 11(b). "Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not 'reasonable under the circumstances.'" *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" under 28 U.S.C. § 1927. *See Wilson-Simmons v. Lake Cty. Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000) (sanctions under § 1927 appropriate when attorney knows or reasonably should know claim is frivolous).

Under § 1988, the court may award attorney's fees to a prevailing defendant. However, "[a]n award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. . . . A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Tahfs*, 316 F.3d at 596 (citation omitted).

Although the court finds that Plaintiff did not adequately plead his claims, the court does not find that Plaintiff's claims are so frivolous or that counsel's conduct is so egregious as to warrant sanctions under Rule 11, § 1927, or § 1988.  The court is mindful that Defendant's motion was brought in part pursuant to Rule 12(b)(6), and that "as a general proposition, a district court should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint." *Tahfs*, 316 F.3d at 594; *see also id.* at 596 ("Much of what we have said with regard to the Rule 11 basis for awarding fees as a sanction applies here [to § 1988], although the criteria for the bases are not identical.").  The court is not inclined to grant Defendants' motion for sanctions at this stage of the proceedings.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. 47) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for sanctions (Doc. 48) is DENIED.

Dated:  May 30, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 30, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk